

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § | |
| **VS.** § | **CASE NO. 9:06-CR-1** |
| § | |
| **ROLDAN DELACRUZ-ALBARADO** § | |
| **a/k/a ROLDAN ALBARADO DELACRUZ** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority or jurisdiction to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *U.S. v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 24, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Roldan Delacruz-Albarado a/k/a Roldan Albarado Delacruz, on Count I of the charging Indictment returned by a federal grand jury in this cause. Count I of the Indictment charges that on or about November 21, 2005, Roldan Delacruz-Albarado a/k/a Roldan Albarado Delacruz, an alien who had previously been denied admission, excluded, deported

and removed from the United States, after being convicted of an aggravate felony, to wit: Aggravated Assault with a deadly weapon, in Cause Number F124252004, in the 420th District Court of Nacogdoches County, Texas, on March 23, 2005; he was thereafter found unlawfully in the United States, to wit: in Nacogdoches County, in the Eastern District of Texas. The said defendant had not received the express consent of the Attorney General of the United States and his successor, the Secretary of Homeland Security (United States Code, Title 6), for re-application for admission into the United States, all in violation of Title 8, United States Code, Section 1326(a).

Defendant, Roldan Delacruz-Albarado a/k/a Roldan Albarado Delacruz, entered a plea of guilty to Count I of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.   That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.   That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the defendant personally in open court, the Court determines that Defendant Roldan Delacruz-Albarado a/k/a Roldan Albarado Delacruz' plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

c.   That Defendant's knowing, voluntary and freely made plea is supported by an

independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 8 U.S.C. § 1326(a).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered the following evidence at the hearing. *See Factual Resume.* The Government and the Defendant agreed that if the case proceeded to trial, the Government would prove beyond a reasonable doubt, through sworn testimony, that the Defendant was illegally in the United States after being previously deported.

Specifically, the Government would prove that agents with Immigration and Custom Enforcement (ICE) received a call from the Nacogdoches County, Texas, Sheriff's Department about the Defendant. Nacogdoches County is in the Eastern District of Texas. The Sheriff's Department informed the agents that the Defendant was in their custody for failure to identify himself. The Defendant was encountered in Nacogdoches County on or about November 21, 2005.

Agents with ICE verified that the Defendant was, in fact, a citizen of Mexico. Additionally, the Defendant admitted that he was a citizen of Mexico. There will also be evidence that the Defendant did not apply with, nor did he receive permission from the Attorney General or the Secretary of Homeland Security to re-enter the Untied States.

The Jefferson County Sheriff's Department, Forensic/Criminal Records Division, conducted a fingerprint comparison which compared the known fingerprints of the Defendant taken from the Defendant with the fingerprints on the I-205 Warrant of Removal/Deportation documentation that is in the Defendant's alien file. The fingerprint examiner determined that the fingerprints from both documents are from the same person, the Defendant

The Government would finally present evidence that on March 23, 2005, the defendant was

convicted of aggravated assault with a deadly weapon in cause number F124252004, a felony, in the 420th Judicial District Court of Nacogdoches County, Texas. The Defendant was ordered deported on May 12, 2005, and was removed from the United States on June 2, 2005.

Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the factual resume and agreed with the Government being able to prove the elements of the offense. Defendant also testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDATION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count I of the Indictment** filed in this criminal proceeding. Accordingly, it is further recommended that Defendant, Roldan Delacruz-Albarado a/k/a Roldan Albarado Delacruz, be finally adjudged guilty of the charged offense under 8 U.S.C. § 1326(a) as stated in the Indictment.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea until there has been an opportunity to consider the presentence report. Defendant reserves his right to allocute before the District Court before imposition of sentence.

**OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 28th day of February, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE